Alex Asil Mashiri, Esq. (SBN 283798)
**MASHIRI LAW FIRM**
A Professional Corporation
11251 Rancho Carmel Drive #500694
San Diego, CA 92150
Phone: (858) 348-4938
Fax: (858) 348-4939

Attorney for Plaintiff:
RABI YOUSSOFI

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RABI YOUSSOFI | Case No. '16CV1332 L BGS |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES** |
| COLLECTION BUREAU OF AMERICA | **[DEMAND FOR JURY TRIAL]** |
| Defendants. | |

Plaintiff RABI YOUSSOFI alleges as follows:

## I.
## INTRODUCTION

1. Plaintiff RABI YOUSSOFI (hereinafter referred to as "Plaintiff") brings this lawsuit against COLLECTION BUREAU OF AMERICA (hereinafter "CBA") for violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), the Rosenthal Fair Debt Collections Practice Act ("Rosenthal FDCPA"), and the California Consumer Credit Reporting Agencies Act ("CCRAA").

2. Plaintiff seeks actual damages, statutory damages, attorneys' fees and costs, and other relief the Court deems appropriate.

## II.
## PARTIES

3. Plaintiff is, and at all times mentioned herein was, an individual, residing in the County of San Diego, State of California.

4. Plaintiff is a "consumer" as defined by 15 U.S.C. section 1692a(3) and California Civil Code section 1785.3(b), and a "debtor" as the term is defined by California Civil Code section 1788.2(h).

5. Plaintiff is informed and believes, and thereupon alleges, that Defendant CBA is, and at all times mentioned herein was, a corporation, who was conducting and engaging in business in the County of San Diego, California.

6. Plaintiff is informed and believes, and thereupon alleges, that Defendant CBA uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. section 1692a(6).

7. Plaintiff is informed and believes, and thereupon alleges that Defendant CBA is a debt collector as defined under Civil Code section 1788.2(c).

8. Defendant CBA attempted to collect a consumer debt as defined under the FDCPA and Rosenthal FDCPA.

9. Plaintiff is informed and believes and thereupon alleges that at all times herein mentioned each of the Defendant was the agent, servant, employee, or partner of each of the remaining defendants and, in committing the acts and omissions hereinafter alleged, was acting within the course and scope of such agency, employment, partnership, or other business relationship, and were each responsible for the acts and omissions alleged in this complaint.

### III.
### JURISDICTION AND VENUE

10. This Court has jurisdiction under 15 U.S.C. section 1692k(d), 28 U.S.C. section 1331, and 28 U.S.C. section 1367 for supplemental state claims.

11. This action arises out of violations of the FDCPA, Rosenthal FDCPA, and the CCRAA.  Personal jurisdiction is established, because Defendant CBA does business within the State of California, County of San Diego.

12. Venue is proper pursuant to 28 U.S.C. section 1391.

### IV.
### RELEVANT FACTS

12. On August 30, 2015, Plaintiff obtained his credit report from Experian and Transunion.  After reviewing his Experian report, Plaintiff discovered that he allegedly owed a past due debt of $582.00 to Defendant CBA.  After reviewing his Transunion report, Plaintiff discovered that he owed a past due debt of $240.00 to Defendant CBA.  Plaintiff was confused as to what the amount owed was.

13. On or about September 29, 2015, Plaintiff's counsel sent a letter to Defendant CBA disputing the debt and requested a verification of the debt. Defendant CBA never responded.

14. On or about October 14, 2015 Plaintiff's counsel sent out a follow up letter to his September 29, 2015 letter.

15. Sometime after October 23, 2015, Defendant responded to Plaintiff counsel's letter in writing, which indicated that the principle balance of the debt was $203.60, accrued interest was $87.42 and that the collection costs were $36.65

16. On or about April 27, 2016, Plaintiff's counsel sent a letter to CBA and requested all documents allowing Defendant CBA to charge for "collection costs."

17. On April 29, 2016, Plaintiff's counsel received a letter from Defendant CBA. The letter included a copy of one page agreement with the creditor DS Waters entitled "DS WATERS OF AMERICA INC. VALUE PLAN" (hereinafter referred to as "Purported Agreement"). This Purported Agreement was neither signed nor initialed by the Plaintiff. Additionally, the Purported Agreement only governed the purchase and delivery of bottled water, which was not the service Plaintiff had with DS Waters.

18. On May 5, 2016, Plaintiff's counsel sent a letter to Defendant CBA informing it that the Purported Agreement was neither signed nor initialed by the Plaintiff and that the Purported Agreement governed the purchase and delivery of bottled water, a service Plaintiff did not have with DS Waters. Plaintiff's counsel

requested that Defendant CBA provide him with a copy of an agreement that was signed by Plaintiff within seven days or else he [Plaintiff's counsel] would assume that no such documents exists. To this date, Defendant CBA failed to provide the requested information.

## V.
## FIRST CAUSE OF ACTION
### (Violation of the FDCPA against Defendant CBA)

19. Plaintiff re-alleges paragraphs 1 through 18, above, as if fully set forth herein.

### COUNT 1

20. Defendant violated 15 U.S.C. sections 1692f and 1692(f)(1) because it charged collection costs when it was not legally entitled to such costs.

### COUNT 2

21. Defendant violated 15 U.S.C. sections 1692e, 1692e(2)(A), and 1692e(10) by attempting to collect more money from Plaintiff than what Plaintiff allegedly owes. Specifically, Defendant reported to Experian that Plaintiff's past due balance was $582.00 when in fact it was not.

### COUNT 3

22. Defendant violated 15 U.S.C. section 1692e(8) when it erroneously reported to Experian that Plaintiff's past due debt was $582.00 when in fact it was not.

**COUNT 4**

23. Defendant violated 15 U.S.C. sections 1692e, 1692e(2)(A), and 1692e(10) by attempting to collect more money from Plaintiff than what Plaintiff allegedly owes. Specifically, Defendant reported to Transunion that Plaintiff's past due balance was $240.00 when in fact it was not.

**COUNT 5**

24. Defendant violated 15 U.S.C. section 1692e(8) when it erroneously reported to Experian that Plaintiff's past due debt was $582.00 when in fact it was not.

**COUNT 6**

25. Defendant violated 15 U.S.C. section 1692e(8) when it erroneously reported to Transunion that Plaintiff's past due debt was $240.00 when in fact it was not.

26. As a result of each and every violation of the FDCPA, as discussed in Counts 1 through 6, Plaintiff has suffered actual damages and harm resulting from Defendant's actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, and humiliation, the exact amount of which is to be proven at trial.

27. As a result of each and every violation of the FDCPA, as discussed in Counts 1 through 6, Plaintiff incurred additional actual damages including, but not limited to, transportation and gasoline costs to the law firm, telephone call charges,

copies, postage, and other damages.

28. As a result of each and every violation of the FDCPA, as discussed in Counts 1 through 6, Plaintiff is entitled to actual damages pursuant to 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 1692k(a)(2)(A); and reasonably attorneys' fees and costs pursuant to 15 U.S.C. section 1692k(a)(3).

## VI.
## SECOND CAUSE OF ACTION
### (Violation of the Rosenthal FDCPA against Defendant CBA)

29. Plaintiffs re-allege paragraphs 1 through 28, above, as if fully set forth herein.

30. Any violation of the FDCPA is a violation of California Civil Code section 1788.17, also known as the Rosenthal FDCPA, because section 1788.17 incorporates the FDCPA.

31. Defendants violated Civil Code section 1788.17 because it violated 15 U.S.C. sections 1692e, 1692e(2)(A), 1692e(8), 1692e(10), 1692(f) and 1692(f)(1).

32. As a result of each and every violation of the Rosenthal FDCPA, Plaintiff has suffered actual damages and harm resulting from Defendants actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, and humiliation, the exact amount of which is to be proven at trial.

33. As a result of each and every violation of the Rosenthal FDCPA, Plaintiff incurred additional actual damages including, but not limited to, transportation and gasoline costs to the law firm, telephone call charges, copies,

postage, and other damages.

34. As a result of each and every violation of the Rosenthal FDCPA, Plaintiff is entitled to actual damages pursuant to California Civil Code section 1788.30(a); statutory damages under 1692k(a)(2)(A) which is incorporated by California Civil Code section 1788.17; statutory damages for a knowing or willful violation in the amount of up to $1,000.00 pursuant to California Civil Code section 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code section 1788.30(c).

## VII.
## THIRD CAUSE OF ACTION
### (Violations of the CCRAA against Defendant PMS)

35. Plaintiff re-alleges paragraphs 1 through 34, above, as if fully set forth herein.

36. California Civil Code section 1785.25(a) states:

> A person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate.

### COUNT 1

37. Defendant CBA violated the CCRAA by violating California Civil Code section 1785.25(a) because it furnished and continue to furnish to Experian, a consumer credit reporting agency, that Plaintiff owed $582.00 when in fact he did not. Defendant CBA knew or should have known that the information it provided to Experian was incomplete and/or inaccurate.

**COUNT 2**

38. Defendant CBA violated the CCRAA by violating California Civil Code section 1785.25(a) because it furnished and continue to furnish to Transunion, a consumer credit reporting agency, that Plaintiff owed $240.00 when in fact he did not. Defendant CBA knew or should have known that the information it provided to Transunion was incomplete and/or inaccurate.

39. As a result of each and every violation of the CCRAA, as discussed in Counts 1 and 2, Plaintiff has suffered actual damages and harm resulting from Defendants' actions as heretofore alleged, including but not limited to worry, emotional distress, anxiety, humiliation, loss of creditworthiness and credit standing, and out-of-pocket expenses the exact amount of which is to be proven at trial.

40. As a result of each and every violation of the CCRAA, as discussed in Counts 1 and 2, Plaintiff is entitled to actual damages, reasonable attorney's fees and costs pursuant to California Civil Code section 1785.33(a)(1); and statutory damages for a knowing or willful violation in the amount of up to $5,000.00 pursuant to California Civil Code section 1788.31(a)(2)(B).

## VIII.
## PRAYER FOR DAMAGES AND OTHER REMEDIES

1. For actual damages;

2. For statutory damages;

3. For interest according to law;

4. For attorneys' fees;

5. For costs of suit herein incurred; and

6. For other and further relief as the court may deem proper.

Respectfully Submitted,

DATED:   June 2, 2016           **MASHIRI LAW FIRM**
                                A Professional Corporation

                                By: /s/ Alex Asil Mashiri
                                Alex Asil Mashiri
                                Attorney for Plaintiff,
                                RABI YOUSSOFI

**MASHIRI LAW FIRM**
A PROFESSIONAL CORPORATION
11251 RANCHO CARMEL DR. # 500694
SAN DIEGO, CA 92150
TEL: (858) 348-4938
FAX: (858) 348-4939